# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:03CV209

| | |
|---|---|
| INTERNATIONAL TITANIUM CORPORATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| Vs. | )  **O R D E R**<br>) |
| BRYAN NOEL, | )<br>) |
| Defendant. | )<br>) |
| And | )<br>) |
| BRYAN NOEL, | )<br>) |
| Third-Party Plaintiff, | )<br>) |
| Vs. | )<br>) |
| INTERNATIONAL TITANIUM CORPORATION; RICHARD L. FOGELMAN; ANTHONY R. FOGELMAN; SAMUEL BAILEY; JAMES B. ROSE; ROSS W. McINTOSH; MARTY MARMOR; and GUSTAVO J. MAS; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Third-Party Defendants. | )<br>) |

**THIS MATTER** is before the Court on a Certification of ADR[1] Session, filed November 1, 2006, a "Settlement Agreement and Release," filed November 8, 2006 and two unexecuted "Confessions of Judgment," filed November 8, 2006.

By Order entered on October 27, 2006, the undersigned denied the Plaintiff's motion for an extension of the discovery period and specifically ruled that the deadlines in the Pretrial Order and Case Management Plan, filed June 7, 2006, remained in place. **Order, filed October 27, 2006.** That Order also contained the following decretal paragraph:

> **IT IS FURTHER ORDERED** that no further extensions of any deadlines will be granted. In the event that the case should settle during mediation or otherwise, *the parties are placed on notice that no extensions of time or continuances will granted absent the filing of a written settlement agreement*.

*Id*. **at 4 (emphasis added).** In addition, the Defendant/Third-party Plaintiff was instructed to file with the undersigned written clarification of certain pending procedural matters on or before November 13, 2006.

In the Certification of an Alternative Dispute Resolution, the mediator actually noted that no mediation occurred. **Certification of ADR Session, filed November 1, 2006.** He reported that the "case has been completely

---

[1] Alternative Dispute Resolution.

settled via phone & fax outside mediation" and that a settlement agreement would be filed with the Court within ten days. *Id.,* **at 2.**

On November 8, 2006, a settlement agreement was filed but it contains terms and provisions which are not final and which do not comply with this Court's previous orders. For example, the agreement provides that "[u]pon the execution of this agreement [the Plaintiff] and each of the Third Party Defendants shall execute and deliver to Noel a Confession of Judgment in favor of Noel in the amount of the stipulated liquidated damages." **Settlement Agreement and Release, at 7.** The agreement was executed on November 3, 2006; however, only unexecuted confessions of judgment have been filed with the Court.

Moreover, the agreement provides that it will not become final, and no stipulation of dismissal shall be filed, until April 15, 2007. *Id.,* **at 9.** This is in direct violation of the October 27 Order of the undersigned which specifically notified the parties that "no extensions of time or continuances will granted absent the filing of a written settlement agreement." **Order,** *supra***.** In case there is any confusion, the filing of a settlement agreement which does not become final until some five months hence does not comply with that Order.

Finally, despite the representation that the case has settled, on November 10, 2006, the Defendant/Third-Party Plaintiff filed notice that he had served notice of waiver of summons on the individual Third-Party Defendants who had not been served. An attempt to serve additional third-party defendants is inconsistent with settlement. As stated in the October 27 Order, the Court has repeatedly "attempted to refocus the parties and urge this litigation, which was filed in 2003, toward some culmination." ***Id.* at 2.** The purported settlement agreement filed on November 8, 2006, does not comply with the Court's previous directives.

**IT IS, THEREFORE, ORDERED** that the Settlement Agreement and Release, filed November 8, 2006, is hereby **STRICKEN** from the record as incomplete and in violation of the Court's Order of October 27, 2006. The parties may refile an agreement which complies with the terms and provisions of this Court's rulings on or before ten days from entry of this Order. Any such agreement must be accompanied by stipulations of dismissal executed by all of the parties.

**IT IS FURTHER ORDERED** that the deadlines contained with the Pretrial Order and Case Management Plan, filed June 7, 2006, remain in force and this case shall be placed on the trial calendar for March 2007.

**IT IS FURTHER ORDERED** no motions for extensions of deadlines contained in any Order of this Court may be filed by any party herein.

Signed: November 14, 2006

Lacy H. Thornburg
United States District Judge